#### IN THE

## SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF STRAFFORD, SEPTEMBER TERM,

### A. D. 1828.

===

## THE STATE *versus* DANIEL CHESLEY.

In an action of debt upon a recognizance entered into in the court of common pleas in a case of bastardy, with condition that the respondent should appear at a future term and not depart without leave of the court, but abide the order of the court in the premises, there was no averment in the declaration that the respondent being called to appear according to the tenor of the recognizance made default, and for this cause the declaration was held to be insufficient.

DEBT. It was alleged, in the declaration, that on the 23d February, 1825, one Sally Dame, made her complaint to a justice of the peace, against the said Chesley, alleging that she was pregnant with a child which if born alive might be a bastard, and that the said Chesley was the father of the said child ; that upon the said complaint such proceedings were had, that the said Chesley appeared at the court of common pleas, holden in this county, in August, 1825, to answer to the said complaint ; and the said cause was continued to the then next term of the said court, holden in January, 1826 ; at which term, the said Chesley appeared, and before said court, acknowledged himself indebted to the state, in the sum

of $300, as well for the use of the said Sally, as for the town of Durham if default should be made, in the condition underwritten, which was, " that the said Daniel should make his personal appearance before the court of common pleas, to be holden at Gilmanton, on the first Tuesday of August, then next; and then and there answer to the complaint, &c, and not depart without leave of the court but abide the order of the court in the premises." Yet, although the said Daniel did appear at said last mentioned court, he departed therefrom without leave of the same court, and in contempt of the authority thereof, and contrary to the tenor of his recognizance, and did not abide the order of the same court made on the premises, whereby an action, &c.

The defendant pleaded in bar, 1st, " That he departed from the term of the court, in the plaintiff's declaration last mentioned, with the express leave and authority of the justices thereof."

2d, " That he, the said Daniel, did abide all orders of said court made known to him, the said Daniel, at the court aforesaid."

To these pleas there was a demurrer and joinder in demurrer.

*Ela* and *Woodbury*, for the defendant.

Whatever may be the defects of the pleas in this case, it is apparent, that this declaration cannot be supported.

In the first place, the recognizance, on which the action is founded, is not authorized by the statute.

The statute authorizes the court "to take security by way of recognizance of the person so charged, for his appearance at any future term." The declaration here alleges, that the respondent appeared. Such appearance fulfilled the condition of any legal recognizance. The condition of this recognizance beyond that is void.

In the next place, when a recognizance is made to the state, in an action thereon, the allegation of a breach, *in pais*, is not sufficient. The breach must appear by the

record, as by default recorded, &c. This principle is laid down and explained by Parsons, C. J. in *Bridge* v. *Ford,* 4 Mass. Rep. 643. This declaration has this defect. There is no allegation of a default by matter of record.

Further, the court had no authority to take a recognizance in the name of the state.

*Mitchell* and *Sullivan,* for the state.

RICHARDSON, C. J. As the defendant has taken several exceptions to the declaration, in this case, we shall examine those exceptions in the first place, because, if any one of them be well founded, it will be unnecessary to examine the merits of the pleas, it being an established rule, that judgment is to be given against the party whose pleading is first defective in substance. 1 Chitty's Pl. 647.

One of the objections to the declaration is, that there is no sufficient allegation of any breach of the condition of the recognizance.

As by the very term of the recognizance, no debt is due until there is a breach of the condition, it is very clear that the declaration must be adjudged insufficient, unless a breach of the condition is duly alleged.

The language of the statute under which this recognizance was taken, is, " and the said court may take security by way of recognizance, of the person so charged for his appearance at any future term as may be necessary."

And although the condition of the recognizance in this case is, in terms, alleged to be that Chesley should appear at the court, answer to the complaint, and not depart without leave, but abide the order of the court, yet in substance, it amounts only to this, that he should be ready in court, when called, to receive any order the court might make in the cause. It was not necessary that he should have entered any appearance. If then, he was there ready, when called, to do and receive what the court might order, there was no breach of the condition. Indeed, there could be no breach of the condition until

he was regularly called. If, when called, he had neglected to appear, this would have been a breach of the condition. If after appearance he had neglected or refused to perform any order of the court, it would have been a contempt for which he might have been committed to prison, but would not have been a breach of the condition of this recognizance.

Whenever any person enters into a recognizance to the state for his appearance at court, in this state, the invariable practice has been to have him called, to answer according to the tenor of his recognizance, and in case he does not appear, to have his default recorded. It has never been supposed that if a person so recognized merely left the court without license, the condition of the recognizance was broken whether he was called or not. The regular, safe, and convenient course in these cases, is, to have the default, as well as the recognizance, a matter of record.

In the case of *The Commonwealth* v. *Downey,* 9 Mass. Rep. 520, which was a *scire facias* upon a recognizance, the default was averred to appear of record.

We have, on the whole, no hesitation in holding, an averment in this case, that the defendant being called upon his recognizance did not appear, but made default absolutely necessary to the maintenance of this suit. And we are also inclined to be of opinion, that the default must be averred to appear of record.

It is a defect in substance, in this declaration, that there is nothing in it which amounts to an allegation, that Chesley, upon being called made default ; and for this cause we are of opinion that there must be

*Judgment for the defendant.*