Aug. 13,
1875.                      STATE v. WALKER.

*Recognizance—Forfeiture—Practice.*

An action of debt may be maintained on a recognizance conditioned against
the violation of the law regulating the sale of spirituous liquors, to de-
termine the forfeiture of such condition.   The breach of condition hav-
ing been found by the jury, the same proceedings should be had in the
court where the record is, as in cases in which the forfeiture has been
declared in open court.

Recognizances before justices of the peace must be returned to the circuit
court, and the action of debt or *scire facias* on the recognizance must be
in the same court.                                                     .

FROM Coös CIRCUIT COURT.

DEBT.   The defendants filed a general demurrer to the following
declaration in the plaintiffs' writ, and the questions thereupon arising
were transferred by LADD, J.

"In a plea of debt for that the defendants, at said Whitefield, on the
thirtieth day of April, A. D. 1874, before Alfred R. Evans, a justice of
the peace in and for said county of Coös, by their recognizance, acknowl-
edged themselves indebted to the state of New Hampshire in the sum
of two hundred dollars, the said Frank P. Walker as principal and the
said James A. Goodwin and Roswell Walker as his sureties, with a
condition that if the said Frank P. Walker should appear at the term
of the supreme judicial court, to be held in Lancaster in and for the
southern judicial district of the county of Coös on the first Tuesday of
November next, 1874, and there to answer to all such matters and
things as may be objected against him on behalf of said state, and not
to depart without leave, and in the meantime to be of good behavior,
and not to violate any of the provisions of chapter 99 of the General
Statutes of said state relating to the sale of intoxicating liquor, then
said recognizance to be void, otherwise to remain in full force,—all of
which, by the record thereof now remaining in said court, fully appears;—
and the state avers that the said Frank P. Walker has not in the
meantime been of good behavior, and, in fact, has violated the pro-
visions of said chapter 99 of the General Statutes of said state relating
to the sale of intoxicating liquors in the meantime, to wit, between the
said thirtieth day of April, 1874, and the day of the date of this writ, at
said Whitefield, not being an agent of any town for the purpose of sell-
ing spirituous and intoxicating liquors, kept for sale one gallon of spir-
ituous and intoxicating liquor, contrary to the provisions of chapter 99
of the General Statutes of said state;—also, that the said Frank P.
Walker, at said Whitefield, during said time, not being an agent of any
town for the purpose of selling spirituous and intoxicating liquor, did

sell a large quantity of spirituous and intoxicating liquor, to wit, one gallon, contrary to the provisions of said statute; also, that the said Frank P. Walker, at said Whitefield, during said time, not being an agent of any town for the purpose of selling spirituous and intoxicating liquor, was a common seller of spirituous and intoxicating liquor contrary to the provisions of said statute; also, that the said Frank P. Walker, at said Whitefield, during said time, not being an agent of any town for the purpose of selling spirituous and intoxicating liquor, did sell a large quantity, to wit, one gallon of spirituous and intoxicating liquor, to divers persons unknown to said state, contrary to the provisions of said statute.

"Whereby an action has accrued to have and recover of said defendants, for the use of the county of Coös aforesaid, said further sum of two hundred dollars; yet the defendants, though often requested, have never paid the same, but neglect and refuse so to do;—also, for that the defendants, at said Whitefield, on the thirtieth day of April, A. D. 1874, before Alfred R. Evans, a justice of the peace in and for said county of Coös, by their other recognizance, acknowledged themselves indebted to the state of New Hampshire in the further sum of two hundred dollars, the said Frank P. Walker as principal and the said James A. Goodwin and Roswell Walker as his sureties, with a condition that if the said Frank P. Walker should appear at the term of the supreme judicial court, to be held in Lancaster, in and for the southern judicial district of the county of Coös, on the first Tuesday of November next, 1874, and there to answer to all such matters as may be objected against him on behalf of said state, and not to depart without leave, and in the meantime to be of good behavior and not to violate any of the provisions of chapter 99 of the General Statutes of said state relating to the sale of intoxicating liquor, then said recognizance to be void, otherwise to remain in full force,—all of which, by the record thereof now remaining in said court, fully appears; and the state avers that the said Frank P. Walker has not in the meantime been of good behavior, and, in fact, has violated the provisions of said chapter 99 of the General Statutes of said state relating to the sale of intoxicating liquors in the meantime, to wit, between the said thirtieth day of April, 1874, and the day of the date of this writ, at said Whitefield, not being an agent of any town for the purpose of selling spirituous and intoxicating liquor, kept for sale one gallon of spirituous and intoxicating liquor contrary to the provisions of chapter 99 of the General Statutes of said state; also, that the said Frank P. Walker, at said Whitefield, during said time, not being an agent of any town for the purpose of selling spirituous and intoxicating liquor, did sell a large quantity of spirituous and intoxicating liquor, to wit, one gallon, contrary to the provisions of said statute; also, that the said Frank P. Walker, at said Whitefield, during said time, not being an agent of any town for the purpose of selling spirituous and intoxicating liquor, was a common seller of spirituous and intoxicating liquor contrary to the provisions of said statute; also, that said Frank P. Walker, at said White-

field, during said time, not being an agent of any town for the purpose of selling spirituous and intoxicating liquor, did sell a large quantity, to wit, one gallon of spirituous and intoxicating liquor, to divers persons unknown to said state, contrary to the provisions of said statute.

"Whereby an action has accrued to have and recover of said defendants, for the use of said county of Coös, the said further sum of two hundred dollars; yet the defendants, though often requested, have never paid the same, but neglect and refuse so to do."

*Henry Heywood* and *Fletcher & Fletcher*, for the state.

*Ray, Drew & Heywood*, and *Geo. H. Bingham*, for the defendants.

CUSHING, C. J. In this action, which is debt on recognizance, there is a general demurrer. The defendants, in their brief, indicate two objections as grounds of demurrer. (1) That there is no sufficient allegation of the proceedings before the magistrate which resulted in the order to recognize; (2) that the part of the condition alleged to have been broken was never designed to be enforced, and that such breach cannot be the foundation of any action.

It is true, that in almost all cases of recognizance in criminal prosecutions, the most prominent matter has been the securing of the appearance of the party to answer at the term of the higher court, which has jurisdiction of the offence complained of; and that most of the legislation on our statute book relates more particularly to breaches of that part of the condition.

But it is equally true, that recognizances to keep the peace have also been long known.

A recognizance is said to be an obligation of record which a man enters into before some court of record, or magistrate duly authorized, with condition to do some particular act—as, to appear at the assizes, to keep the peace, pay a debt, or the like. Jacobs' Law Dic., art. "Recognizance."

The recognizance, being matter of record, is held to be rather of the nature of a judgment than a contract, and for this reason it is that the most usual proceeding against the conusor for breach of condition is by *scire facias*, and it is said that an execution may be issued on such *scire facias*.

In 4 Bl. Com. 253, it is said,—" This recognizance," viz., for keeping the peace, or for good behavior, " if taken by a justice of the peace, must be certified to the next sessions, in pursuance of the statute 3 H. 8, ch. 1; and if the condition of such recognizance be broken by any breach of the peace in the one case, or any misbehavior in the other, the recognizance becomes forfeited or absolute, and being estreated or extracted—taken out from among the other records—the party and his sureties, having now become the king's absolute debtors, are sued for the several sums in which they are respectively bound."

In 1 Hawk. P. C. 258, it is said that " The sessions cannot in

any case proceed against the party for a forfeiture of his recognizance either in respect of his not appearing, or breaking the peace; but that the recognizance in such case ought to be removed into some of the king's courts of Westminster hall, who shall proceed by *scire facias* upon such recognizance, and not by indictment."

In *Rex* v. *Stanley*, cited in Bac. Ab., title " Surety of the Peace," H., RYDER, C. J., in discharging a rule to show cause why the proceedings in *scire facias* should not be stayed, said,—" But if the recognizance be for keeping the peace as to all the king's subjects, as well as to the person who exhibited the articles, the court will not, in a doubtful case, stay proceedings upon a *scire facias;*" because the question, whether the breach of the peace by assaulting another person did amount to a forfeiture of the recognizance, may be determined upon the plea of not guilty to the *scire facias*.

From all this it seems clear that by the English practice it was proper to proceed on *scire facias* to determine whether the recognizance had been forfeited by matter *in pais*, so to speak. Whether, after the fact of forfeiture was determined, the record was then estreated into the court of exchequer in order that the debt might be there collected, or whether execution should issue from the court where the forfeiture was found, is not very material. I think it sufficiently appears that by our law, in such case, the proceedings must be had in the court where the record is, and there it can be determined on the proper pleading and a trial by the jury whether or not there has been a forfeiture.

By Gen. Stats., ch. 41, sec. 9, " If any party recognized to appear makes default, the recognizance shall be declared forfeited, and a record of the default and forfeiture made and certified to the county commissioners, who shall cause such proceedings to be had for the recovery of the forfeiture as the interest of the county requires."

By section 11 it is provided that the supreme court may render judgment for the whole amount, or such part thereof as may be thought proper. This provision of the statute applies specially to those cases where the proceedings are had, and the default made, and the forfeiture declared in open court.

I can see no good reason why, in a proceeding in *scire facias* to determine a forfeiture, the court should not, if the forfeiture is found, proceed to render a judgment, as found by section 11 above cited, and issue execution.

It is quite likely that a forfeiture having been found on an issue to the jury, the court, in order to determine whether judgment should be rendered for the whole amount forfeited, or only a part, might hear evidence as to other breaches of the condition than that particular one on which the forfeiture was found.

The statute provides, chapter 141, section 17, that, in actions brought upon recognizances taken in criminal prosecutions, it shall be sufficient to set forth in the writ the substance of the recognizance, and the time and place at which the same was declared forfeited, without setting forth the complaint or indictment or any subsequent proceedings thereon. This

provision evidently applies to those cases under the statute in which, by proceedings in open court, the forfeiture has been declared, and appears to be a statutory provision for simplifying and abridging the proceedings in that particular class of cases, by far the most numerous and most requiring to be abridged.

But I think that in proceedings in which the object is to show that a forfeiture has taken place, we cannot hold that the old practice has been abolished, such as is recognized in *State* v. *Chesley*, 4 N. H. 366. It appears to me, therefore, that the declaration in this case ought to show the proceedings before the magistrate so far as is necessary to make it apparent that the recognizance was taken for sufficient cause, and the proceedings regular.

A recognizance being in the nature of a judgment, there is no good reason why, if convenience requires, the action of debt should not be brought, as well as *scire facias;* and such seems to be the rule recognized by our cases.

A suggestion has been made that by the statute regulating the sale of spirituous liquor—Gen. Stats., ch. 99, sec. 17—the respondent is to be held to answer at the next trial term of the supreme judicial court in the county, but that this respondent, instead of being held to answer at the August trial term in Colebrook, was held to answer at the November trial term to be held at Lancaster. But by the statute of July 2, 1873, Laws of 1873, ch. 34, it is enacted that if no grand jury is required to attend at the next trial term, parties and witnesses shall be ordered to recognize to appear at the next term to which a grand jury is required to attend."

It is true that this statute is entitled " An act in amendment of sec. 6, ch. 240, of the Revised Statutes, relating to recognizance in criminal cases ; " but it is certainly broad enough in its terms to embrace procedings under ch. 99, Gen. Stats., and, I think, must be held to do so.

LADD, J. In addition to the authorities cited by the chief justice, the case of *King* v. *Coffins*, Park. Exch. Rep. 54, may be referred to as showing how the matter was then (1745) understood. That was an estreat made from the quarter sessions, as follows : " East Riding of the county of York : Of William Coffins of Brompton in the county of York, Gentleman, because he has not been of good behavior ever since the last general quarter sessions of the peace, held for the said Riding the fourth day of October last, before James Gee, Esquire, Sir Joseph Pennington, * * * and it being proved here this day, in open court, upon the oath of two witnesses, that since the last quarter sessions * * * the said William Coffins had been guilty of misbehavior—£100."

It was moved by counsel that this estreat be discharged, as illegally made upon proof, by two witnesses, that Coffins had misbehaved ; and it was insisted that the sessions, in a summary way, could not try the fact of misbehavior committed out of court ; but the recognizance ought to have been removed into this court and a *scire facias* sued out,

and a breach assigned which Coffins and his pledges might controvert by pleading to the *scire facias.* And of that opinion were the court, and so the estreat was discharged.

I agree that this action may be maintained. What measure of proof should be required of the state at the trial we need not now inquire. The amendment suggested should be allowed, and the demurrer overruled.

SMITH, J. The practice of taking recognizances to keep the peace is of long standing, and unless there is some way to ascertain whether the conusor has violated his recognizance, the practice is no better than an idle ceremony.

The defendant recognized to do two things: (1) to appear at the supreme court and answer to all such matters and things as should be objected against him on behalf of the state ; and (2) that in the meantime he would be of good behavior, and would not violate any of the provisions of the statutes relating to the sale of intoxicating liquors. In order to entitle the state to recover, it must appear that the condition of this recognizance has been forfeited in one or the other of these two things. As to the first matter which the defendant bound himself to do, his default would appear by his neglecting to appear and answer, and would be established upon his being called and his default recorded. As to the other matter which he bound himself not to do, that is, not to violate the statute, his default could only be established upon due inquiry to see whether he had kept the terms of his recognizance in that respect. If the verdict of the jury should be that he had not, the default, upon the recording of the verdict would become matter of record, just as when, in the other case, the defendant is called, and not appearing, his default is recorded by the clerk.

*Commonwealth* v. *Braynard*, 6 Pick. 113, was where the respondent was sentenced to pay a fine and costs, and to recognize to keep the peace for one year, especially as to one Rice. He paid the fine and costs, and within the year committed another assault upon Rice, for which he was indicted, convicted, and sentenced to pay another fine, with costs, which sentence he complied with. He was then sued to recover the amount of the recognizance, and it was held that the action was sustainable. Whether the action was debt, or *scire facias*, does not appear from the reported case, and it is not material to inquire.

I am satisfied that debt may be maintained upon this recognizance. The declaration can be amended so as to show that the recognizance was taken in a proceeding regularly before the magistrate before whom it was entered into.

*Demurrer overruled.*