STATE *v.* WELCH.

An action of debt may be maintained upon a recognizance to keep the peace, entered into before the police court of Manchester, under Gen. St., c. 238, s. 8, although the recognizance was not filed and made of record in the supreme court; otherwise if the action were *scire facias*, because in that form of proceeding the record must be in the same court from which the writ issues.

DEBT, upon a recognizance to keep the peace and be of good behavior for one year, entered into before the police court of Manchester.   The action was committed to a referee, who found that the condition of the recognizance had been forfeited.   The defendant contended that the action could not be maintained, because the

recognizance had not been returned to and made of record in the supreme court.

*Sulloway & Topliff*, for the defendant.

*Smith*, city solicitor, for the state.

CLARK, J.    There is no statute requiring the recognizance to be returned to the supreme court.    It was ordered and taken under Gen. St., *c.* 238, *s.* 8, which is as follows: " Any person sentenced by a justice or court for any criminal offence, or ordered to recognize for his appearance before the same or another court, may be required to recognize to keep the peace and be of good behavior for such time as the court or justice may direct."    There is no provision for the return of the recognizance to the supreme court. The preceding sections of the same chapter relate to recognizances to keep the peace in other cases; and the section immediately preceding is as follows: " Every recognizance taken in pursuance of the foregoing provisions shall be transmitted by the justice to the supreme court for the county, on or before the first day of the next trial term, and there filed with the clerk."    The section under which the recognizance in this case was taken follows that section, and is not included in its provisions.

The recognizance upon which this action is founded was entered into before a court of record, it was not taken on appeal, and there is no statute requiring it to be transmitted to the supreme court. It is not, therefore, necessary that it should have been returned to the supreme court and made a matter of record there, to render it valid.    If this proceeding were *scire facias* instead of an action of debt, it would fail, because in that form of proceeding the record must be in the same court from which the writ issues.    *State* v. *Kinne*, 39 N. H. 129.

*Exceptions overruled.*

STANLEY, J., did not sit : the others concurred.