STATE v. WHEELER & a.

An action of debt may be maintained on a recognizance conditioned against the violation of the statute regulating the sale of spirituous liquor, to determine the forfeiture of such condition.

DEBT, on a recognizance. Demurrer to the declaration.

*William B. Fellows*, solicitor, for the state.

*Shannon, Peaslee & Blackstone*, for Wheeler and Rollins.

*Thomas Cogswell*, for Fifield.

SMITH, J. The declaration alleges that the defendants recognized in the police court of Alton, July 27, 1894, in the sum of two hundred dollars, for the personal appearance of Wheeler at the September term of the supreme court, etc., and in the meantime that he be of good behavior and refrain from violating the provisions of chapter 112 of the Public Statutes relating to the sale and keeping for sale of intoxicating liquor, *prout patet per recordum*. The declaration further alleges, that the condition as to his being of good behavior and observing the statute prohibiting the sale and keeping for sale of intoxicating liquor was broken August 26, 1893, by his illegally keeping for sale ten gallons of spirituous liquor. The further allegations, that he pleaded guilty in the police court to a complaint charging such violation of the statute, and that the recognizance was thereupon by the police court declared forfeited, etc., may be rejected as surplusage. The record of the recognizance remains in the police court. The copy filed in the supreme court is the evidence on the trial that the defendants entered into the recognizance as charged. Upon the issue whether the condition in the particular alleged was broken, any evidence competent to show an illegal keeping of spirituous liquor for sale at the time alleged is admissible. The record of Wheeler's plea of guilty, in the police court, is admissible as against him, but not as against the other defendants, who were not parties to that proceeding.

Upon the trial, if the verdict is for the state, the default, upon the recording of the verdict, will become matter of record, and the foundation for a judgment for such sum, not exceeding two hundred dollars, as shall be adjudged. *State* v. *Walker*, 56 N. H. 176 ; *State* v. *Davis*, 43 N. H. 600.

Debt is the proper form of action, upon a recognizance not filed and made of record, in the supreme court. *State* v. *Welch*, 59 N. H. 134.

*Demurrer overruled.*

All concurred.